UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE SANCHEZ-ESTRADA,

      Petitioner,

vs.                          Case No.  **8:10-CV-2599-T-27MAP**
                                            **8:09-CR-327-T-27MAP**

UNITED STATES OF AMERICA,

      Respondent,

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1) and the Government's Response in opposition (CV Dkt. 5). Pursuant to *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), an evidentiary hearing was conducted on June 17, 2011 on Petitioner's claim that he was denied the effective assistance of counsel because his attorney did not file a notice of appeal after being requested to do so.[1] At the conclusion of the evidentiary hearing, the Court made findings of fact and announced conclusions which are incorporated by reference. This Order serves to memorialize those findings and conclusions. Based on the testimony and evidence presented, the Court finds that Petitioner's motion lacks merit and warrants no relief.

### *Procedural background*

Petitioner was charged in a two-count indictment with (1) being an alien of the United States who had previously been convicted of felony offenses and had subsequently been arrested and

---

[1] Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires a credibility determination and the pleadings are insufficient to establish the content of the communications between a defendant and counsel, an evidentiary hearing is necessary. *Gomez-Diaz v. United States*, 433 F.3d at 792; *see also* Rule 8, Rules Governing Section 2255 Proceedings.

deported from the United States, found voluntarily in the United States without the consent of the

Attorney General (Count One); and (2) being an alien, apprehended after knowingly entering the

United States at a time and place other than as designated by immigration officers (Count Two).

Represented by Assistant Federal Public Defender Howard Anderson, Petitioner pleaded

guilty to both counts of the Indictment without a plea agreement. (CR Dkts. 20, 21). On December

7, 2009, Petitioner was sentenced to fifty-seven (57) months imprisonment as to Count One, and six

(6) months imprisonment as to Count Two, concurrent. He did not file a direct appeal. Petitioner's

timely *pro se* § 2255 motion to vacate was filed on November 10, 2011 (CR Dkt. 28).

As Ground One in his § 2255 motion, Petitioner alleges: "Counsel was ineffective for failing

to file Notice of Appeal as requested and for failing to sumit [sic] an Anders brief as required by the

Eleventh Circuit Court of Appeals." (CV Dkt. 1, p. 5).   More specifically, in his supporting

memorandum he contends:

> "[I]mmediately after sentence was imposed, he requested that his counsel file a
> Notice of Appeal but that counsel failed a Notice of Appeal but that counsel failed
> to do so.  Furthermore, when counsel was exiting the courtoom [sic], petitioner
> reiterated this same request to counsel."

(CV Dkt. 1, p. 16 of 23).

In his supporting affidavit, Petitioner avers: "Prior to being removed from the courtroom by

the U.S. Marshalls [sic], I specifically instructed my lawyer to submit a direct appeal on my behalf."

(CV Dkt. 1, p. 23).[2]

### *Standard*

An attorney who fails to file an appeal on behalf of a client after being requested to do so acts

in a professionally unreasonable manner. *Gomez-Diaz,* supra at 792; *Roe v. Flores-Ortega*, 528 U.S.

---

[2] Petitioner, who's native language is Spanish and who does not read or write English, testified that a fellow inmate drafted his motion, memorandum and affidavit. He testified that the averments in the affidavit were accurate.

2

470, 478 (2000)("Counsel performs in a professional unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). The *Strickland* "test applies to claims, like [Petitioner's], that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. at 477. "In the context of such a claim, a petitioner can establish that his attorney acted in a professionally unreasonable manner either by showing that counsel 'fail[ed] to follow the defendant's express instructions with respect to an appeal' or by showing that, in the absence of specific instructions from the petitioner, there was reason to believe that 'a rational defendant would want to appeal.'" *Cunningham v. United States*, 2010 WL 1852650 at *2 (11th Cir. 2010) (unpublished) (quoting *Roe v. Flores-Ortega*, 528 U.S. at 477). To satisfy *Strickland's* prejudice prong, "a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Gomez-Diaz v. United States*, 433 F.3d at 792.

### *Discussion*

Assistant Federal Public Defender Howard Anderson represented Petitioner in the underlying criminal case. According to Petitioner's testimony, he was not satisfied with his sentence. He claims that during the sentencing hearing, after the judge advised him that he had the right to appeal, he nodded to the judge, indicating that he wanted to appeal. Contrary to the averment in his affidavit and his motion to vacate and supporting memorandum that immediately after being sentenced he told Anderson he wanted to appeal, during the *Gomez-Diaz* hearing, Petitioner testified that he said nothing to Anderson on the day of his sentencing. Rather, he now claims that the next day, when Anderson and an interpreter from the Federal Defender's Office visited him in jail, he told Anderson

that he wanted to appeal.[3]  Petitioner also claims that when Anderson asked him if he wanted to appeal, he told Anderson that he did but that Anderson told him the judge was not going to change his mind, and that it was "too soon" to appeal.  Petitioner claims he told Anderson he would appeal "later on."  According to Petitioner, it was only after he received Anderson's letter telling him he had waived the right to appeal and Anderson no longer represented him that he realized Anderson had not filed the appeal.

Anderson, an experienced Assistant Federal Public Defender, testified that Petitioner seemed relieved that the judge had not imposed a sentence above the advisory guidelines range, as Anderson had told him was a possibility because of his prior record.  According to Anderson, Petitioner did not indicate a desire to appeal during the sentencing hearing.  The next day, he visited Petitioner at the jail with his office's Spanish interpreter, Linda Rodriquez.  He discussed Petitioner's right to appeal, told him that although there were no issues to raise on appeal, he should not be deterred and that if he wanted to appeal, he would file an appeal if Petitioner wanted them to.

Anderson specifically asked Petitioner if he wanted to appeal.  Petitioner told him that he did not want to.  Anderson's conversations with Petitioner were memorialized in contemporaneous notes Anderson maintained in his file. (Gov. Exh. # 2).  Anderson sent Petitioner a closing letter, written in Spanish and English,  confirming his decision not to appeal. (Gov. Exh. # 3).  Petitioner never contacted Anderson again.

---

[3] Actually, Petitioner initially testified that he told Anderson to appeal while still in the courtroom after being sentenced.  He then testified that he only nodded to the judge, and did not tell Anderson he wanted to appeal.  This vacillation in Petitioner's testimony further undermines his credibility.  There was no indication that Petitioner had any difficulty understanding the questions, as he was assisted by a certified interpreter during the hearing.

4

Linda Rodriquez, a staff interpreter with the Federal Defender's Office, speaks Spanish as her first language. She maintained a time sheet memorializing the jail visit with Petitioner, which includes the notation "client does not want to appeal." (Gov. Exh. # 4). She recalls Anderson explaining the right to appeal to Petitioner, and that although Anderson did not think there were any issues, that he would file an appeal if Petitioner wanted him to. She recalls Petitioner telling Anderson that he did not want to appeal. Neither Anderson nor Rodriquez recall Petitioner saying that he would appeal "later on."

Anderson and Rodriquez were credible witnesses. Moreover, their testimony was corroborated by their contemporaneous notes of their jail visit with Petitioner, all of which demonstrate that Petitioner expressly told Anderson that he did not want to appeal. On the other hand, Petitioner, a convicted felon, was equivocal in his testimony, at times vacillating on material facts and professing not to recall important details bearing on his credibility.

For example, he initially denied signing the affidavit filed with his motion to vacate. Later in his testimony, he acknowledged that it was his affidavit and maintained that it was accurate, notwithstanding that it materially conflicted with his live testimony. Incredibly, he denied ever having seen the prosecutor (who had prosecuted Petitioner at least twice), testified that Anderson "never stood up to defend me," claimed that Anderson told him the judge and prosecutor were pressuring him not to talk on his behalf, and did not recall whether he addressed the Court during sentencing. In sum, Petitioner's testimony was not believable and in some respects, incredible and belied by the record.

### Conclusion

It is apparent, and the Court so finds, that Attorney Anderson fulfilled his Sixth Amendment responsibility to Petitioner. He discussed the right to appeal with Petitioner, explained the

advantages and disadvantages of pursuing an appeal, gave him his best advice, and determined Petitioner's wishes.  Petitioner did not instruct Anderson to file an appeal.  Indeed, Petitioner expressly told Anderson he did not want to appeal, which Anderson confirmed in his contemporaneous notes and in his closing letter to Petitioner.

Anderson's post sentencing consultation with Petitioner satisfied the requisite "reasonable effort to determine the client's wishes." *Roe v. Flores-Ortega, supra.*  Anderson therefore met "an objective standard of reasonableness" under *Strickland*[4] and rendered effective assistance of counsel. *Gomez-Diaz v. United States, supra.*  This is not a case, therefore, in which counsel neglected to consult with the client about the client's appellate rights or disregarded a specific request that counsel file an appeal.

Accordingly, it is **ORDERED**:

1.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2.      The Clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.[5] A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing,

---

[4] *Strickland v. Washington,* 466 U.S. 668 (1984).

[5] *See* Rule 11 of the Rules Governing Section 2254 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

     **DONE AND ORDERED** this _28ᵗʰ_ day of June, 2011.

                             **JAMES D. WHITTEMORE**
                             **United States District Judge**

Copy furnished to:
Counsel of Record
Petitioner